No. ——

First Circuit

MAYOR, ETC., OF MORGAN CITY v. JOHN DALTON COMPANY, LTD.

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest — Municipalities — Par. 85, 90; Mandate—Par. 90, 93; Landlord and Tenant—Par. 10.**

Even though an executive officer of a political corporation may not lease the property of the corporation without special authorization, nevertheless, where an unauthorized lease has been made, the tenant has moved in and paid rent, it was validated by the conduct of the parties and neither party can question its validity.

2. **Louisiana Digest—Landlord and Tenant—Par. 102; Attorneys—Par. 70.**

Attorneys' fees as damages for dissolution of writ of provisional seizure are not allowed if not proven as required by law.

3. **Louisiana Digest—Pleading—Par. 82.**

Typographical errors which are apparent and can neither mislead or deceive defendant can be properly corrected by an amended petition.

Appeal from the Parish of St. Mary. James D. Simon, Judge.

Action by Mayor, Etc., of Morgan City against John Dalton Company, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Chas. L. Wise, of Morgan City, attorney for plaintiff, appellee.

C. A. Blanchard, of Morgan City, attorney for defendant, appellant.

LECHE, J.   The town of Morgan City sues to recover three years' rent of a batture lot fronting on Berwick Bay, from October 1, 1921, to September 30, 1924, at the rate of sixty dollars per annum. Plaintiff, at the same time obtained a writ of provisional seizure under which certain property of defendant was seized.

Defendant first moved to set aside the writ of provisional seizure, and on the trial of that motion, the writ was dissolved, but, without damages.

Plaintiff then by supplemental pleadings, obtained another writ of provisional seizure. Defendant again moved to dissolve that writ, it excepted to plaintiff's petition as not showing a cause of action, excepted to the supplemental and amended petition and finally answered to the merits of plaintiff's demand.

Evidence on the motion to dissolve was taken and defendant's exception heard, and on November 17, 1924, according to the minute entries, the exception and the motion to dissolve were all overruled.

The case was then tried on its merits and judgment was rendered on January 18, 1927, as prayed for by the plaintiff. Defendant has appealed.

There is no doubt that defendant used and occupied the property described in plaintiff's petition during the whole time for which rent thereof is claimed. A municipality generally can only act through its Mayor and Board of Aldermen or Councilmen and its proceedings ought of necessity to be in writing, but in this case the alleged lease was made verbally by the Mayor, without any apparent special authorization on the part of the Board of Aldermen. It is well recognized that a lease of immovable property need not be made in writing, but an executive officer of a political corporation, as a rule, may not lease the property of the corporation without the special authorization of the body legally entrusted with the management and government of the corporation. Plaintiff on the trial of the case, was unable to show any such special authorization, but it did produce evidence ample and sufficient to justify the court in holding that the lease was validated by the conduct and actions of the parties. It is not questioned that the present demand in this suit is authorized by the Mayor and Councilmen of Morgan City. That of itself is an affirmance of the validity of the lease. It is shown that for some time previous to that for which rent is presently claimed, defendant paid the municipality of Morgan City rent for the use of this same property and this estops defendant from attacking the validity of the lease. So that conceding the fact that there was no special authority to justify the Mayor of Morgan City to enter originally into the contract of lease, the lease has now become a "fait accompli," and neither party can question its validity.

We find no error in the rulings of the trial judge in refusing damages for attorney's fees when the first writ was dissolved, for none were proved as required by law.

The amendments permitted by the judge were only as to matters of form and there was no change of the issues involved in the suit. Plaintiff's petition in the second paragraph contained a typographical error which was apparent and which could neither mislead nor deceive defendant and the correction of that error was properly allowed by an amended petition.

We believe the judgment of the District Court was correct and it is therefore affirmed.